77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTHBROOK PROPERTY & CASUALTY INSURANCE COMPANY, et al.,
Plaintiffs-Appellants,
v.
CASCADE NATURAL GAS CORPORATION, et al., Defendants-Appellees.
 No. 94-36112.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1995.
Decided Feb. 13, 1996.
 
 Before: D.W. NELSON and NOONAN, Circuit Judges, WARE, District Judge.[1]
 MEMORANDUM[2]
 Appellants appeal the district court's grant of summary judgment in favor of appellees. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.
 FACTUAL AND PROCEDURAL BACKGROUND
 On January 20, 1993, an explosion and fire erupted at a two-story building, commonly known as the "Heintz Building", located in Monroe, Washington. On that day, a windstorm knocked down a utility pole in the City of Monroe. The utility pole collapsed onto a metal roof of a dairy, which was across the street from the Heintz building. The electricity from the pole came into contact with the metal roof and caused the electrical current to ground, thereby charging the underground metal pipes throughout downtown Monroe. The electrical energy running through the pipes caused an electrical arc to develop between the natural gas service pipe which provided gas to the Heintz Building and a copper water pipe. The arc bore a hole into the service pipe and allowed natural gas to leak out and into the Heintz Building. When a tenant in the building turned on a light, an explosion ripped through the building and a fire erupted destroying the Heintz Building and substantially damaging a one-story building next door to the Heintz Building, commonly known as "Jeno's Restaurant".
 Appellant Northbrook Property & Casualty Insurance Company ("Northbrook") insured the Heintz Building. Appellant American States Insurance Company ("American States") insured Jeno's Restaurant. Appellant American Casualty Company of Reading Pennsylvania ("American Casualty") insured several automobiles which were parked along the Heintz Building. All Appellants paid their insureds for the damages their insureds suffered as a result of the explosion. Appellants then filed an action against Appellee Cascade Natural Gas Company, Inc ("Cascade") under the Washington Product Liability Act ("WPLA") alleging solely that the explosion and fire were caused by a natural gas pipeline that "was not reasonably safe in its construction."
 The pipeline had been installed in October of 1958 by Pacific Natural Gas Company ("Pacific"). In 1962, Pacific merged with Appellee Cascade. In August of 1968, Cascade sold to third-party defendant Washington Natural Gas Company ("Washington") all of its properties, including the pipeline. Cascade has not had any contact whatsoever with the pipeline since 1968.
 In March of 1994, Appellants filed their complaint against Appellee. In April of 1994, Appellee answered the complaint and filed a third-party complaint against Washington, the sole owner of the gas pipeline since 1968, against the City of Monroe and against Snohomish County PUD.
 In June of 1994, Appellee filed a motion for summary judgment seeking dismissal of Appellant's claim. In August of 1994, the district court denied the motion, finding that there was a genuine issue of fact as to whether Cascade was a "manufacturer" under the Statute of Repose. Appellee filed a motion for reconsideration, contending that it did not matter whether Cascade was a manufacturer because even if it was, (a fact which Cascade disputed), the WPLA claim would be time-barred since Cascade had not had any contact with the pipeline for over twenty-five years before the explosion. If, as Cascade contended, it was not a manufacturer, then the claim was barred by the Statute of Repose. The district court agreed with Cascade and entered judgment in its favor on October 13, 1994. Appellants filed their appeal on November 4, 1994.
 STANDARD OF REVIEW
 Both the decision of the district court to grant summary judgment and its determinations of state law are reviewed de novo. Millett v. Union Oil Co. of California, 24 F.3d 10, 12 (9th Cir.1994); Salve Regina College v. Russell, 499 U.S. 225 (1991).
 DISCUSSION
 The Washington Statute of Repose is found in RCW 4.16.300 through 4.16.320. RCW 4.16.300 states that
 RCW 4.16.300 through 4.16.320 shall apply to all claims or causes of action of any kind against any person, arising from such person having constructed, altered or repaired any improvement upon real property, or having performed or furnished any design, planning, surveying, architectural or construction or engineering services, or supervision or observation of construction, or administration of construction contracts for any construction, alteration or repair of any improvement upon real property. This section is intended to benefit only those persons referenced herein and shall not apply to claims or causes of action against manufacturers.
 RCW 4.16.310 states in relevant part that "Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred."
 In its initial order denying Cascade's motion for summary judgment, the district court found that there was a triable issue of fact as to whether Cascade was a manufacturer when it constructed and installed the gas pipeline involved in the explosion. On reconsideration, the district court found that the Statute of Repose barred Appellants' claim based on the WPLA since the claim had not occurred within six years after substantial completion of the pipeline. The district court's order fails to discuss, however, the manufacturers' exception to the Statute of Repose. Rather, it appears that the district court accepted Cascade's argument that, regardless of whether Cascade is deemed a manufacturer, the Product Liability Act would not apply since the Act applies only to claims arising on or after July 26, 1981. Krivanek v. Fiberboard Corp., 72 Wn.App. 632, 635, 865 P.2d 527 (1993). Since Cascade argues that it had no contact with the pipe whatsoever after 1968, it argues that Appellants' injuries must have occurred prior to 1968 in order to establish Cascade's liability. Since it is undisputed that the injuries herein occurred in 1993, Cascade argues that it cannot be liable to Appellants herein.
 The district court's order correctly notes that if Appellants' position that the WPLA applies is accepted then the Statute of Repose applies because the injuries occurred after 1981. However, the district court's order then states that "[T]he Statute of Repose, RCW 4.16.310, bars a claim of this nature whenever the "cause of action has not occurred within six years after ... substantial completion of construction." The order later continues, "[I]n sum, the Products Liability Act could apply only if all the injury-producing events were deemed to have occurred on or after July 26, 1981. That being so, the Statute of Repose bars plaintiff's claim." This finding ignores, however, the language contained in the Statute of Repose which states that the six year limitation "shall not apply to claims or causes of action against manufacturers." R.C.W. 4.16.300.
 The district court's finding that the Statute of Repose bars Appellants' claim ignores the manufacturers' exception contained within the Statute. A determination of whether the manufacturers' exception applies is necessary because it affects the determination of the applicable statute of limitations. Since the district court did not discuss or reach the issue of whether Cascade is a manufacturer, this action must be remanded for further proceedings.
 Furthermore, within the applicable statute of limitations, the district court must determine the meaning of the term "injury-producing event". The district court found that if all of the injury producing events occurred after July 26, 1981, then the Products Liability Act applies to this case. The district court then concluded that the Statute of Repose would necessarily bar Appellants' claim without providing any definition of or explanation as to what it found to be the "injury producing event."
 Based upon the foregoing, we find that the district court erred in finding that Appellants' claim based on the WPLA of 1981 was barred since the court addressed only the six year time limitation set forth in the Washington Statute of Repose, R.C.W. §§ 4.16.300-4.16.320. This action is hereby remanded for further proceedings to allow the district court to determine if the action may proceed against Cascade as a manufacturer, as that term is used in the Statute of Repose, and to amplify its reasoning on what constitutes an "injury producing event".
 REVERSED AND REMANDED.
 
 
 
 [1]
 The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation
 
 
 [2]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3